BC

FILED
9/3/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SZYMON ZAWADZKI,<br><br>Plaintiff,<br><br>v.<br><br>SWEEPSTEAKS LIMITED d/b/a STAKE.US; MEDIUM RARE N.V. d/b/a STAKE.COM; EASYGO GROUP HOLDINGS PTY LTD; and KICK STREAMING PTY LTD,<br><br>Defendant. | Case No. 1:26-cv-04478<br><br>Hon. Franklin U. Valderrama<br><br>Mag. Judge M. David Weisman |

**PLAINTIFF'S EMERGENCY MOTION FOR REASSIGNMENT OF RELATED CASE NO. 1:26-cv-06840 PURSUANT TO LOCAL RULE 40.4**

Plaintiff Szymon Zawadzki, pro se, moves under Local Rule 40.4 for an order finding that *Sweepsteaks Limited d/b/a Stake.us v. Zawadzki*, No. 1:26-cv-06840 (N.D. Ill.) (Kennelly, J.), is related to this action and reassigning it to this Court's calendar, and requests emergency consideration because a default has been entered against Plaintiff there, a motion for default judgment is pending, and on September 3, 2026 that Court directed the plaintiff there to calculate interest through September 8, 2026. This motion is filed in the lowest-numbered case of the related set, as Local Rule 40.4(c) requires, and a copy is being filed in No. 1:26-cv-06840.

## I. The two cases

1. This action was filed April 21, 2026; leave to proceed in forma pauperis was granted April 22, 2026. Plaintiff's Timeline-Audited Consolidated Verified First Amended Complaint (Dkt. 19, received June 3, 2026) pleads, among other counts, that the Interim Award of April 23, 2026 and the Final Award of May 8, 2026 in AAA Consumer Case No. 01-24-0006-1550 must be vacated under 9 U.S.C. § 10(a)(2)–(4), and seeks declaratory, injunctive, statutory, accounting, computer-tampering, and damages relief arising from the same arbitration and underlying transactions.

2. On June 10, 2026, six days after its counsel acknowledged receipt of that pleading, Defendant Sweepsteaks Limited filed No. 1:26-cv-06840, a complaint and motion under 9 U.S.C. §§ 9 and 207 to confirm the same Final Award. Plaintiff here is the sole defendant there. Sweepsteaks is represented in both matters by Ifrah PLLC.

3. **Sweepsteaks itself designated this case as related.** Its civil cover sheet in No. 1:26-cv-06840, signed by George R. Calhoun on June 10, 2026, states under "IX. RELATED CASE(S) IF ANY": "Judge Franklin U. Valderrama, Case Number 1:26-cv-04478." (No. 06840, Dkt. 1-1 § IX.) Sweepsteaks did not move for reassignment under Local Rule 40.4; its August 12, 2026 status report there (Dkt. 9 ¶ 5) mentioned this case only to state that Sweepsteaks "has not been served" in it.

4. Sweepsteaks' Rule 7.1 statement there (No. 06840, Dkt. 2) discloses that it is wholly owned by Well Done STK Limited, which is owned by Ashwood Holdings Pty Ltd and Bijan Tehrani, and that Edward Craven is the sole shareholder of Ashwood Holdings Pty Ltd. Mr. Craven and Mr. Tehrani are the individuals identified in the arbitration record as owners of the Stake companies, and the Australian holding structure disclosed there is the structure through which this action alleges Defendants Easygo Group Holdings Pty Ltd and Medium Rare N.V. operate with Sweepsteaks as a single enterprise. The same firm and the same witnesses (Wasim Khan, Jarrod Febbraio) appear in the arbitration, in this case, and in No. 06840.

5. In No. 1:26-cv-06840: Plaintiff was served August 5, 2026; Sweepsteaks filed a unilateral status report August 12 (Dkt. 9); the Court reset the initial hearing to September 10, 2026 (Dkt. 10); Sweepsteaks requested default August 28 (Dkt. 11); default was entered August 29 (Dkt. 12); Sweepsteaks moved for default judgment September 2 (Dkt. 13); the Court directed an interest calculation through September 8 (Dkt. 14); and Sweepsteaks filed its supplement September 3 (Dkt. 15). Concurrently with this motion, Plaintiff is filing there his appearance, an emergency Rule 55(c) motion, and an Answer, Opposition, and Cross-Application to vacate the award and to refuse recognition under Article V of the New York Convention.

## II. The cases are related under Local Rule 40.4(a)

6. Cases may be related if they "involve some of the same issues of fact or law" or "grow out of the same transaction or occurrence." LR 40.4(a)(2)–(3). Both conditions are met, and Sweepsteaks has conceded as much on its cover sheet. Each case turns on whether the awards in AAA Case No. 01-24-0006-1550 are valid and enforceable: this case seeks their vacatur; the other seeks their confirmation. Each requires the Court to decide whether the arbitration was validly reopened in September 2024 on a communication made in Plaintiff's name; whether the procedure conformed to the Consumer Rules Sweepsteaks signed a written waiver to honor; whether the merits finding rests on accounting exhibits whose "statutory periods" do not overlap; whether the fee award was procured on statements the record contradicts; and whether, and how, the Convention applies.

## III. The conditions for reassignment under Local Rule 40.4(b) are met

7. *Both cases are pending in this Court.* LR 40.4(b)(1).

8. *Handling both by the same judge is likely to result in a substantial saving of judicial time and effort.* LR 40.4(b)(2). The validity of a single award cannot sensibly be decided twice, by two judges, on the same record, with the risk of inconsistent judgments on whether the same award stands.

9. *This case has not progressed to a point where designating the later case as related would delay it.* LR 40.4(b)(3). This case is at the pleading stage; no defendant has appeared; service on the foreign defendants is proceeding.

10. *The cases are susceptible of disposition in a single proceeding.* LR 40.4(b)(4). The confirmation application and the vacatur counts are the two halves of one question and can be resolved on a single record and briefing schedule.

## IV. Emergency consideration is warranted

11. A default has been entered against Plaintiff in the later-filed case on the confirmation of an award this Court has been asked, since April 21, 2026, to vacate; a motion for default judgment

is pending there; and the September 3, 2026 order directing an interest calculation through September 8, 2026 indicates that judgment may be entered before the September 10, 2026 status hearing. Plaintiff respectfully requests that the Court consider this motion on an emergency basis, or at minimum that Judge Kennelly be informed of its pendency before judgment is entered.

## V. Conclusion

Plaintiff respectfully requests that the Court find No. 1:26-cv-06840 related to this action under Local Rule 40.4(a), reassign it to this Court's calendar under Local Rule 40.4(b), and consider this motion on an emergency basis.

Dated: September 3, 2026

Respectfully submitted,

/s/ Szymon Zawadzki
Szymon Zawadzki, Plaintiff, pro se
301 Lincoln Ter
Buffalo Grove, IL 60089
(773) 680-1177
szymonfitness@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 3, 2026, I submitted the foregoing Emergency Motion for Reassignment through the Court's electronic filing program for pro se litigants in No. 1:26-cv-04478, and filed a copy of it in No. 1:26-cv-06840, where it will be served by Notice of Electronic Filing on George R. Calhoun V (george@ifrahlaw.com) and Robert W. Ward (rward@ifrahlaw.com), Ifrah PLLC, 1717 Pennsylvania Avenue NW, Suite 650, Washington, D.C. 20006. No defendant has appeared in No. 1:26-cv-04478; on the same date I transmitted a courtesy copy by email to george@ifrahlaw.com, rward@ifrahlaw.com, shess@ifrahlaw.com, jbriggs@ifrahlaw.com, and michelle@ifrahlaw.com.

/s/ Szymon Zawadzki